J-S68020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TEVIS THOMPSON | |
| Appellant | No. 3450 EDA 2013 |

Appeal from the Judgment of Sentence June 17, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001324-2013

BEFORE:  ALLEN, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 01, 2014**

Following a non-jury trial, the court found Tevis Thompson ("Appellant") guilty of possession with intent to deliver a controlled substance ("PWID")[1] and sentenced him to 2½-10 years' imprisonment.  The lone issue in this direct appeal is whether the evidence is sufficient to sustain Appellant's conviction for PWID[2].  We affirm.

---

[1] 35 P.S. § 780-113(a)(30).

[2] The procedural history of this appeal deserves brief mention.  On June 27, 2013, Appellant filed a timely post-sentence motion to modify and reconsider sentence which was denied without a hearing by Order dated July 3, 2013.  On September 11, 2013, Appellant filed a pro se Petition pursuant to the Post-Conviction Relief Act alleging that trial counsel failed to file a direct appeal after being instructed to do so by Appellant. By order dated October 9, 2013, the PCRA court reinstated Appellant's right to file a direct appeal nunc pro tunc; trial counsel was directed to file a notice of appeal within 30 days from the date of the Order.  On October 24, 2013, Appellant filed, pro se, a petition for Direct Appeal and subsequently a "Motion for
*(Footnote Continued Next Page)*

Thompson raised multiple issues in his counseled Pa.R.A.P. 1925(b) statement, but the only issue in his brief is a challenge to the sufficiency of the evidence. Therefore, he has waived all other issues within his Pa.R.A.P. 1925(b) statement[3]. **Commonwealth v. Kearney**, 92 A.3d 51, 66-67

*(Footnote Continued)* ————————————

Appointment of Counsel." On November 13, 2013, trial counsel filed a motion to withdraw as counsel. On November 20, 2013, the trial court ordered Thompson to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal no later than 21 days from the date of the Order. On November 26, 2013, the court granted in forma pauperis status to Thompson and permitted trial counsel to withdraw. On the same date, the court appointed new counsel to represent Thompson on appeal. On December 9, 2013, acting *pro se*, Thompson filed a Pa.R.A.P. 1925(b) statement. One day later, the court directed appellate counsel to file a Pa.R.A.P. 1925(b) statement. The court later granted appellate counsel an extension to file the Pa.R.A.P. 1925(b) statement until after the trial and sentencing transcripts became available. On March 11, 2014, appellate counsel filed his Pa.R.A.P. 1925(b) statement. On March 19, 2014, the trial court filed its Pa.R.A.P. 1925(a) opinion.

[3] These issues are as follows:

The trial court erred when it failed to dismiss the case or issue an appropriate remedy when Officer Brady, while sequestered during a recess in his testimony, conferred with Sergeant Bugsch, about matters relating to Officer Brady's testimony.

The guilty verdict to the charge of [PWID] was against the weight of the evidence.

The trial court erred when it drew an adverse inference from [Appellant's] decision to not call the Commonwealth's informant as a defense witness.

The trial court erred when it denied [Appellant's] motion for the release of certain information contained within the personnel files of three police officers involved in the case.

Pa.R.A.P. 1925(b) Statement, ¶¶ 1, 3-5.

(Pa.Super.2014) (issues are waived on appeal due to absence of developed argument).

Thompson challenges the sufficiency of the evidence as follows: "The Commonwealth's evidence was insufficient to establish a guilty verdict to the charge of [PWID] when the record contained insufficient evidence to prove the elements of 'possession' and 'delivery' beyond a reasonable doubt." Pa.R.A.P. 1925(b) statement, ¶ 2. Our standard of review for challenges to the sufficiency of the evidence is well-settled:

> [W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth as the] verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.

**Commonwealth v. Troy**, 832 A.2d 1089, 1092 (Pa.Super.2003) (citations omitted).

Pennsylvania law criminalizes "the manufacture, delivery, or possession with the intent to manufacture or deliver, a controlled substance

by a person not registered under this act, or a practitioner not registered or licensed by the appropriate state board, or knowingly creating, delivering or possessing with intent to deliver a counterfeit controlled substance." 35 P.S. § 780-113(a)(30). A "delivery" is "the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 P.S. § 780-102. Thus, to establish the element of delivery of a controlled substance, the Commonwealth must prove that the defendant knowingly made an actual, constructive, or attempted transfer of a controlled substance to another person without the legal authority to do so. *Commonwealth v. Murphy*, 844 A.2d 1228, 1234 (Pa.2004). PWID may be inferred from the facts and circumstances surrounding the case. *Commonwealth v. Daniels*, 999 A.2d 590, 595 (Pa.Super.2010). Factors that may be relevant in establishing PWID include packaging, the form of the drug, and the defendant's behavior. *Id*.

Construed in the light most favorable to the Commonwealth, the evidence is as follows: on August 13, 2012, Bensalem Township police officers were conducting a drug investigation relating to Adrian Thompson. N.T. 6/17/13 ("Tr."), pp. 8-9. During the investigation, the officers performed a controlled purchase ("controlled buy") at 909 Bristol Pike, Building D, with the help of a confidential informant ("CI"). Tr., pp. 8-10. Bensalem Officer Brady searched the CI prior to the controlled buy, found

- 4 -

the CI free of contraband, and handed him $120 in prerecorded buy money. Tr., pp. 10-11. The CI advised that Adrian Thompson told the CI that the meeting at 909 Bristol Pike would be with Adrian's brother instead of Adrian himself. Tr., pp. 7-8.

Upon arriving at 909 Bristol Pike, Officer Brady parked directly in front of Building D and observed the CI ring the front bell. Tr., pp. 18-19. Officer Brady does not wear glasses or contact lenses, and his assignment was to observe the CI throughout the entire transaction. Tr., p. 15. The CI never left Officer Brady's view throughout the transaction. Tr., pp. 10, 17, 19, 20, 25, 40, 50.

The building's main entrance consisted of two doors, both of which had glass windows. Tr., p. 17. The building was a dwelling with a vestibule in front of the doors and stairs that lead up to apartments and down to other apartments. Tr., p. 17.

Officer Brady observed Appellant come up from the bottom floor, open the front door of the apartment building, and hand something to the CI in the vestibule. Tr., pp. 19-21. The CI returned directly to Officer Brady's vehicle and turned over two bags of cocaine. Tr., pp. 19-21. Officer Brady was unaware of Appellant's identity at the time he viewed Appellant deliver the two bags of cocaine to the CI containing .76 grams of cocaine. Tr., p. 25. The CI no longer had the buy money. Tr., pp. 25-26.

Sergeant Robert Bugsch, who was positioned about 90 feet away from Officer Brady, testified that he saw the CI walk to the doorway and saw movement inside the vestibule, although he could not specifically see the hand to hand transaction. Tr., pp. 68-69. After the CI walked back to Officer Brady's vehicle, Sergeant Bugsch approached the building several minutes later and rang doorbell number 4. Tr., pp. 71-72. Appellant came out of Apartment D4, opened the door to the apartment building and stood face to face with Sergeant Bugsch. Tr., pp. 71-72.

The next day, August 14, 2012, Bensalem police continued their investigation of Adrian Thompson with the same CI. Tr., pp. 27-28. Officer Brady testified that he and the CI drove to the same location as the day before, 909 Bristol Pike, Building D. Tr., p. 29. When they arrived at this location, a blue Volkswagen Jetta pulled into the same parking lot. Officer Brady saw Adrian Thompson in the passenger seat of the vehicle and Appellant in the driver's seat. Tr., pp. 29-31. Officer Brady then observed Adrian Thompson deliver drugs to the CI. Tr., p. 30. Officer Brady obtained the license plate of the Jetta and learned that Appellant was its registered owner. Tr., pp. 30-31. Based on the vehicle identification, the officers were able to identify Appellant, by name, as the person they saw conduct the drug transaction on August 13, 2012. Tr., p. 30.

Viewed in the light most favorable to the Commonwealth, there was sufficient evidence to prove the elements of possession and delivery beyond

a reasonable doubt. Prior to the transaction between Appellant and the CI, the CI had $120.00 in cash on his person but no controlled substances. The CI then engaged in a hand to hand transaction with Appellant while two Bensalem police officers watched the transaction. Following the transaction, the CI brought .76 grams of cocaine back to Officer Brady but no longer had any cash in his possession. This evidence demonstrates that Appellant possessed cocaine at the beginning of the transaction and delivered it to the CI in exchange for money. *Cf. Daniels*, *supra*, 999 A.2d at 595 (evidence was sufficient to support defendant's conviction for PWID; officer witnessed man approach defendant while defendant was sitting in parked car, officer witnessed hand-to-hand exchange of money for small objects, the man was stopped and discovered to be in possession of blue-tinted packet of heroin, and when defendant was arrested, he was found to be in possession of five blue heat-sealed packets of heroin and $374 in cash).

Appellant argues that the evidence against him was insufficient due to inconsistencies in the police officers' testimony. Specifically, Appellant complains that during a pre-trial suppression hearing, Sergeant Bugsch testified that on August 13, 2012, he could not see which apartment unit the seller came from, but during trial, he testified that he could see the seller walk up from the lower level of the apartment building to meet the CI. Further, Appellant contends that Officer Brady's arrest reports were inconsistent with his trial testimony, because he failed to document the

details of the hand to hand transaction on August 13th or document that he saw Appellant's face.

These objections do not undermine the sufficiency of the evidence against Appellant. The trial court, sitting as factfinder, heard these minor discrepancies and resolved them in the Commonwealth's favor. We cannot second-guess the trial court's findings of fact. Our role on appeal is limited to determining whether the evidence, viewed in the light most favorable to the Commonwealth, proves the crime of PWID beyond a reasonable doubt. Construed under this standard, the evidence clearly is adequate to sustain Appellant's conviction.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2014